UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alonzo Houston, ) | Civil Action No. 4:21-3005-BHH |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| ) | |
| Warden Merkinburg, ) | |
| ) | |
| Respondent. ) | |

Petitioner Alonzo Houston ("Petitioner") filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., the action was referred to United States Magistrate Judge Thomas E. Rogers, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Rogers recommends that the § 2241 petition be dismissed without prejudice and without requiring Respondent Warden Mekinburg ("Respondent") to file a return. (ECF No. 13.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.[1]

## BACKGROUND

In this § 2241 action, Petitioner, a federal inmate at FCI Edgefield, challenges the "legality of [his] conviction[] upon [his] detention" and the "legality of [his] conviction under the statute of 18 U.S.C. 924(c)(1)(A) knowingly brandishing a firearm during a crime of violence." (ECF No. 1 at 2.) After conducting an initial review, the Magistrate

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exists there.

1

Judge issued the instant Report recommending that the petition be dismissed without prejudice and without requiring Respondent to file a return. (ECF No. 13 at 2, 6–7.) Petitioner timely filed objections (ECF No. 22) to the Report. The Court has reviewed those objections, but finds them to be without merit; therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the Court reviews the Magistrate's conclusions only for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). On October 18, 2021, Petitioner filed specific objections (ECF No. 22), and the Court has thus conducted the requisite *de novo* review.

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v.*

*Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[2]

The Fourth Circuit has identified specific circumstances when a federal prisoner may use a § 2241 petition to contest his conviction pursuant to the savings clause. Specifically, § 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). As to challenges to a federal sentence, the Fourth Circuit has set forth the following factors to demonstrate that § 2255 is inadequate and ineffective:

> (1) at the time of the sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

---

[2] The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

*U.S. v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The savings clause is a jurisdictional provision; if a petitioner cannot satisfy the savings clause, the district court lacks jurisdiction to consider the petition. *Id.* at 423.

The Magistrate Judge first found that Petitioner's reliance on *U.S. v. Julian*, 633 F.3d 1250 (11th Cir. 2011) for the proposition that the conduct of which he was convicted is no longer criminal is misplaced because: (1) the holding in *Julian* stands for a different premise entirely, (2) *Julian* was overruled by *Alleyne v. U.S.*, 570 U.S. 99 (2013) in any event, and (3) Petitioner already premised a previous attempt to meet the savings clause on *Alleyene*, which led to summary dismissal of the prior § 2241 petition by the undersigned. (ECF No. 13 at 4–5.) Accordingly, Magistrate Judge Rogers concluded that Petitioner cannot meet the second prong of *Jones* or *Wheeler* by way of *Julian* or *Alleyene*. (*Id.* at 5.)

The Magistrate Judge next found that Petitioner's citation to *U.S. v. Madden*, 733 F.3d 1314 (11th Cir. 2013) is unavailing because the holding in *Madden* did not render non-criminal Petitioner's conduct of brandishing a firearm in relation to and during his robbery of a credit union. (ECF No. 13 at 5–6.) Neither is there any case law to support the retroactivity of the holding in *Madden*. (*Id.* at n.2.) Thus, Magistrate Judge Rogers concluded that *Madden* offers Petitioner no assistance in satisfying the second prong of the savings clause tests articulated in *Jones* and *Wheeler*. (*Id.* at 5–6.)

Finally, the Magistrate Judge found that Petitioner's submission, without elaboration, of a docket entry showing that the U.S. Court of Appeals for the Eleventh Circuit denied his request to file a successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255 has no bearing on whether this Court possesses jurisdiction over the

instant § 2241 petition. (*Id.* at 6.)

Petitioner objects to the Magistrate Judge's characterization of the holding in *Julian*, but fails to explain how *Julian* assists him in meeting the savings clause test or how *Julian* still applies to his claims after it was overruled in *Alleyene*. (*See* ECF No. 22 at 1–2.) The objection reveals no error in the Magistrate Judge's reasoning or conclusions, and it is overruled.

Petitioner's next argument appears to be based on the way the indictment was drafted in his case, but even construed in the most liberal fashion the "objection" is unintelligible. (*See id.*) Petitioner cites to *U.S. v. O'Brien*, 560 U.S. 218 (2010), which held that, under 18 U.S.C. § 924(c)(1)(B)(ii), the fact that the firearm at issue was a machinegun was an element of the offense to be proved to the jury beyond a reasonable doubt, rather than a sentencing factor. *Id.* at 235. *O'Brien* has no bearing on whether Petitioner can satisfy the savings clause test and the objection is overruled.

Petitioner further objects to the Magistrate Judge's statement that Petitioner could have sought § 2255 relief premised on the holding in *Alleyene* by seeking leave to file a § 2255 motion within one year of *Alleyene* being decided. (ECF No. 22 at 1–2.) Petitioner asserts that *Alleyene* could offer him no assistance because it was not deemed retroactive and was not existing precedent at the time he was tried and sentenced. (*Id.*) The goal of these arguments is unclear. They bring Petitioner no closer to showing that he has satisfied the savings clause test in this case. The objection is overruled.

Petitioner, several times, references his submission of a docket entry showing denial of his application for leave to file a successive § 2255 motion (ECF No. 1-1 at 10)

as evidence that § 2255 is inadequate or ineffective to challenge his conviction or sentence. (*See* ECF No. 22 at 2.) He asserts: "The law clearly states an arbitrary disregard of a petitioner's right to liberty is a denial of due process. The 18 U.S.C. 924(c)(1)(a) conviction and sentence is in violation of my detention and unconstitutional." (*Id.*) However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion[.]" *In re Vial*, 115 F.3d at 1194 n.5. Suffice it to say, Petitioner's assertions about the denial of his application for leave to file a successive § 2255 motion demonstrate no error in the Magistrate Judge's analysis, and he has not shown that he can satisfy the savings clause test in *Jones* or *Wheeler*. The objection is overruled.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates herein the Magistrate Judge's Report. Petitioner's § 2241 petition is DISMISSED *without prejudice* and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 12, 2022
Greenville, South Carolina